IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

RAMON JOHNSON, )
)
    Petitioner, )
)
v. ) CIVIL ACTION NO.: CV507-055
)
JAMES L. LANIER, )
)
    Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Ramon Johnson ("Johnson"), an inmate currently incarcerated at Wayne State Prison in Odum, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction obtained in the Superior Court of Ware County, Georgia. Respondent filed a Motion to Dismiss, and Johnson filed a Response. For the following reasons, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Johnson was convicted of burglary, obstruction of an officer, and possession of tools for the commission of a crime on November 1, 1995.[1] (Doc. No. 1, p. 9). Johnson's conviction was affirmed by the Georgia Court of Appeals on February 19, 2003. (Id.). On November 12, 2004, Johnson filed a state habeas petition in Lowndes County, which was denied on December 6, 2005. (Gov. Exh. 3). On July 13, 2006, the Georgia Supreme Court denied Johnson's application for a certificate of probable cause

---

[1] According to the State, prior to the jury returning its verdict at trial, Johnson escaped custody. He was recaptured some six years later in 2001, when he was sentenced as a recidivist to twenty-one years incarceration.

to appeal the state habeas decision, and his motion for reconsideration was denied on July 27, 2006. (Gov. Exh. 4). Johnson filed the instant petition on July 27, 2007. (Doc. No. 1).

Johnson contends that his right to counsel was violated at trial, and that the state courts have erred in denying his claims on this point. Johnson further contends that his appellate counsel was ineffective, and that his Due Process rights were violated in several ways by the trial court. Respondent asserts that Johnson's petition should be dismissed as untimely.

## DISCUSSION AND CITATION OF AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Johnson's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Johnson's conviction became final on or about March 1, 2003, the last date upon which he could have filed an application for certiorari with the Georgia Supreme Court following the denial of his appeal by the Georgia Court of Appeals. See Ga. Sup. Ct. R. 38(1) (noting that a notice of intent to apply for a writ of certiorari must be filed within 10 days of the date of entry of judgment). Johnson then had one year from that date in which to seek federal habeas corpus relief or to toll the limitations period by properly filing an application for state post-conviction relief. See 28 U.S.C.A. § 2244(d)(2). The statute of limitations allowed Johnson until March 1, 2004, to file his federal habeas corpus action. The allowable time had elapsed before Johnson filed his state habeas action on November 12, 2004; therefore, no tolling occurred. Because Johnson allowed more than one year to elapse before filing this federal petition, his petition must be dismissed as untimely.

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**, and Johnson's petition be **DENIED** as it was not timely filed.

**SO REPORTED** and **RECOMMENDED** this 15th day of January, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE